UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCUS RAQUAL WILLIAMS,

    Petitioner,

v.                                                 CASE NO. 6:10-cv-1549-Orl-31GJK
                                                      (6:04-cr-70-Orl-31GJK)
UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Marcus Raqual Williams (Doc. No. 7). The Government filed a response to the amended section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. No. 10). Although Petitioner was given an opportunity to file a reply, he has not done so.

Petitioner alleges one claim for relief, however, as discussed hereinafter, the Court finds that the motion to vacate, set aside, or correct sentence is untimely and must be denied.

## *I.  Background*

Petitioner was charged by indictment with one count of knowingly possessing with intent to distribute, and actual distribution of, 5 grams or more of a mixture and substance containing a detectable amount of cocaine based in violation of 21 U.S.C. §§ 812, 841(a)(1)

and (b)(1)(B)(iii) (Criminal Case No. 6:04-cr-70-Orl-31GJK, Doc. No. 1).[1] On November 29, 2004, Petitioner entered a guilty plea to the charge (Criminal Case Doc. No. 24). A sentencing hearing was conducted on February 15, 2005, at which the Court expressed reservations about whether the career offender enhancement was appropriate in this case (Criminal Case Doc. No. 29 at 6-8). Nevertheless, the Court imposed the career offender enhancement but sentenced Petitioner to a 90-month term of imprisonment to be followed by a four-year term of supervised release, which was lower than the advisory Guidelines range and was what Petitioner's sentence would have been without the career offender enhancement. *Id.* at 19, 23-24. On February 17, 2005, this Court entered a Judgment in the criminal case (Criminal Case Doc. No. 28).

The Government appealed, and on January 13, 2006, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Williams*, 435 F.3d 1350 (11th Cir. 2006). The Eleventh Circuit concluded that this Court did not act unreasonably in sentencing Petitioner to a 90-month term. *Id.* at 1355-56. Mandate was issued on March 17, 2006 (Criminal Case Doc. No. 37).

On February 25, 2008, Petitioner moved to reduce his sentence pursuant to 18 U.S.C. § 3582 (Criminal Case Doc. No. 40). The Court denied the motion for reduction in sentence on April 7, 2008 (Criminal Case Doc. No. 45). On July 7, 2008, Petitioner filed a second motion to reduce sentence (Criminal Case Doc. No. 46). Again, the Court denied the motion (Criminal Case Doc. No. 49). Petitioner appealed, and the Eleventh Circuit *per*

---

[1] Criminal Case No. 6:04-cr-70-Orl-31GJK will be referred to as "Criminal Case."

*curiam* affirmed. *United States v. Williams*, 322 F. App'x 826 (11th Cir. 2009). Mandate was issued on May 7, 2009 (Criminal Case Doc. No. 56).

## II. Petitioner's Section 2255 Motion is Untimely

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one-year limitation of section 2255.

In the present case, the appellate court entered its order of affirmance on January 13, 2006. Petitioner then had ninety days, or through April 13, 2006, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, the judgment

---

[2]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of

3

of conviction became final on April 13, 2006. *Clay v. United States*, 537 U.S. 522, 525 (2003) (stating "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Because Petitioner's judgment of conviction became final on April 13, 2006, he had through April 16, 2007,[3] to file a section 2255 motion in this case. Petitioner's motion was not filed until July 21, 2010. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's section 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner). Accordingly, Petitioner § 2255 motion, filed more than three years after the one-year limitations period expired, was untimely filed.

The Court is aware that Petitioner filed two motions to reduce his sentence pursuant to 18 U.S.C. § 3582, however, those motions did not toll the statute of limitations period because the one-year period expired on April 16, 2007, before Petitioner initiated those actions. Furthermore, a motion for reduction of sentence filed pursuant to section 3582

---

      entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

[3]April 14, 2007, fell on a Saturday; therefore, the deadline was extended through the next business day, Monday, April 16, 2007.

4

would not toll the one-year limitations period. *See United States v. Preyear*, No. 05-267-KD-N, 2010 WL 3002968, at *5 (S.D. Ala. July 14, 2010) (noting that the fact that a federal sentence can be subsequently modified pursuant to § 3582 does not render a judgment non-final) (citing *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001); *United States v. Norris*, No. 99-3117 2000 WL 521482, at *1 (D.C. Cir. Mar. 7, 2000)). Therefore, the instant motion to vacate, set aside, or correct sentence was untimely filed and must be denied.

Petitioner contends that he is actually innocent of the career offender enhancement because one of his predicate convictions, carrying a concealed weapon, is not a crime of violence pursuant to *Begay v. United States*, 553 U.S. 137 (2008) and *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (holding prior conviction for carrying a concealed firearm in violation of Florida law does not constitute a crime of violence within the meaning of the Sentencing Guideline providing sentence enhancement for career offenders). The Supreme Court's opinion in *Begay* did not extend the limitations period pursuant to section 2255(f) because the Court did not specifically hold that the case was to apply retroactively to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3) (extending one-year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *Barnes v. United States*, Nos. 8:10-cv-1712-T-17EAJ & 8:05-cr-406-T-17EAJ, 2011 WL 2193217, at *2 (M.D. Fla. June 6, 2011).

5

Furthermore, even if *Begay* could apply retroactively, or the change in the law was an "extraordinary circumstance" that tolled the time for filing a section 2255 motion, Petitioner's motion in the instant case is still untimely filed. *Begay* was decided on April 16, 2008. Petitioner filed the instant section 2255 motion on July 21, 2010, more than one year after *Begay* was decided. Petitioner's motion is time-barred unless he can demonstrate that he was prevented from filing a timely motion because of extraordinary circumstances that were both beyond his control and unavoidable, even with diligence. *See Holland v. Florida*, 130 S. Ct. 2549 (2010); *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Petitioner has not alleged, much less shown, any specific facts that would satisfy his burden of demonstrating both extraordinary circumstances and due diligence. Moreover, general changes in the law, such as what occurred in *Begay*, do not present "extraordinary circumstances" that would toll the time for filing a section 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 537-38 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling.

Additionally, the Eleventh Circuit has rejected the idea that one can be actually innocent of his career offender status. *See Boyle v. United States*, No. 09-14816, 2011 WL 5331594, at *3-4 (11th Cir. Nov. 7, 2011) (citing *McKay v. United States*, 657 F.3d 1190, 1196-98 (11th Cir. 2011) (claim that one is actually innocent of career offender status does not qualify as actual innocence claim because it is a claim of legal innocence based on case law rather than factual innocence)); *Gilbert v. United States*, 640 F.3d 1293, 1320-22 (11th Cir. 2011). Petitioner does not claim that he is factually innocent of the charge for which he was

6

convicted, nor does he argue that he is factually innocent of the predicate offenses he challenges. Petitioner only states that he is legally innocent of his prior conviction for carrying a concealed weapon. This argument cannot satisfy the actual innocence exception, and therefore Petitioner's untimely motion to vacate will not be excused. *See Jackson v. United States*, Nos. 8:10-cv-2000-T-27TBM & 8:06-cr-7-T-27TBM, 2011 WL 4005291, at *2-3 (M.D. Fla. Sept. 8, 2011) (claim of actual innocence did not excuse untimely filed § 2255 motion where Petitioner merely argued he was legally innocent of his career offender enhancement pursuant to *Johnson v. United States*, 130 S. Ct. 1265 (2010)).

Finally, the Court also notes that although Petitioner challenges his career offender enhancement, Petitioner was sentenced to a non-career offender sentence. At sentencing, this Court stated that Petitioner's offense level without a career offender enhancement was 23, with a recommend sentencing range of 85-105 months in prison (Criminal Case Doc. No. 29 at 3). The Court found that with a career offender enhancement, Petitioner's offense level moved up to 31, with a recommended sentencing range of 188-235 months in prison. *Id.* at 6. The Court stated that it could not "in good conscience sentence Mr. Williams to a minimum of 188 months in prison for selling $350 worth of crack cocaine. I think that's unreasonable." *Id.* at 18. Accordingly, the Court sentenced Petitioner to a 90-month term of imprisonment pursuant to the offense level of 23, notwithstanding the career offender enhancement. *Id.* at 19, 24. As such, regardless of whether Petitioner is actually innocent of his career offender status, he did not receive a career offender sentence in this case.

Therefore, even if Petitioner were entitled to be re-sentencing without the career offender designation, there is no indication that he would receive a different sentence.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 7) filed by Marcus Raqual Williams is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:04-cr-70-Orl-31GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 59) pending in that case.

**DONE AND ORDERED** at Orlando, Florida this 8th day of February, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 2/8
Marcus Raqual Williams
Counsel of Record